815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Ronald L. "Pat" BELLAMY, Defendant--Appellant.
 No. 86-5071.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1987.
Decided March 24, 1987.
 
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, Senior District Judge for the District of South Carolina, sitting by designation.
 Thomas P. Simpson; Lionel Stukes Lofton, on brief for appellants.
 Cameron Bruce Littlejohn, Jr., Assistant United States Attorney (Vinton D. Lide, United States Attorney; Robert C. Jendron, Jr., Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Ronald L. Bellamy appeals the judgment of the district court convicting him on the verdict of a jury of conspiring and aiding and abetting in the importation and possession with intent to distribute of large quantities of marijuana. He assigns the following errors: a prejudicial variance because the evidence disclosed multiple conspiracies although the indictment charged a single conspiracy; failure to grant a motion for a new trial; allowing transcripts of the testimony of two witnesses to remain with the jury during its deliberation; and failure to direct the government to turn over information about alleged current criminal conduct of a government witness. We affirm.
 
 
 2
 The evidence disclosed that from time to time some men joined the smuggling venture and others withdrew, that the offloading site for shipments from Columbia shifted from North Carolina, when law enforcement officers detected it, to Bellamy's marina in South Carolina. Nevertheless, there was an identity of purpose, some persons, and the manner of operation. The jury was properly instructed on the issue, and the evidence viewed favorably for the government was sufficient to permit the jury to find a single conspiracy. See United States v. Urbanik, 801 F.2d 692, 695-96 (4th Cir. 1986).
 
 
 3
 Relying on cases holding that the admission of perjured testimony is ground for a new trial, Bellamy emphasizes inconsistencies between the testimony of government witnesses. The difficulty with this argument is that the inconsistencies, which occurred in testimony describing events over a period of several years, do not amount to perjury. The defense had the benefit of an open file to prepare for the case, the witnesses were thoroughly cross-examined, and the inconsistencies were exposed to the jurors, who could take them in account in assessing credibility.
 
 
 4
 Posttrial affidavits disparaging the credibility of two witnesses did not warrant the grant of a new trial. The district court properly concluded that the newly discovered evidence did not establish a reasonable probability that Bellamy would have been acquitted if the evidence had been introduced. See United States v. Johnson, 713 F.2d 654, 661-62 (11th Cir. 1983).
 
 
 5
 The trial court acted within its discretion by furnishing the jury at their request transcripts of two witnesses' testimony. See Government of the Canal Zone v. Scott, 502 F.2d 566, 570 (5th Cir. 1974). Allowing the jury to retain the transcripts while they deliberated did not constitute an abuse of discretion.
 
 
 6
 We find no error in the court's refusal to require the government to disclose information about other unrelated undercover investigations concerning an informant who testified as a government witness. The district court conducted an in camera hearing and held that the information need not be disclosed. The transcript of the in camera hearing, which has now been made available to defense counsel, fully supports the district court's ruling. The information, which consisted of rumor and innuendo, dealt with collateral matters that had little bearing on the witnesses' credibility. The evidence was not material to the issue of Bellamy's guilt, and there was no violation of the principles set forth in Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 7
 AFFIRMED.